## No. XVIII.

### SOLOMON C. RICE v. GEO. POWELL

*Appeal from Washington County.*

HUTCHINSON, JUSTICE.—Powell sued Rice in respect of a draft of the auditor in his favor on the Treasurer of the Republic for $330, stating ownership; that it was pledged for a small sum, which had been tendered and the draft as well as its sum demanded but withheld; that Rice was about to leave Texas for the United States, and that therefore Powell, the plaintiff, asked writs of citation and attachment, and judgment for $330, Texas promissory notes, with interest and costs; or such other relief as should consist with law and equity. There was an affi-

---

C., sec. 684; Le Geirse v. Mathews, 1 App. C., sec. 779; Pittman v. Keith (T. C. A.), U. R. C., 1893; Wilson v. Manning (T. C. A.), U. R. C., 1896; Norwood v. Bank (T. C. A.), U. R. C., 1898; Hansen v. Yturria (T. C. A.), U. R. C., 1898; Presnall v. McLeary (T. C. A.), U. R. C., 1899. Except when the set-off is founded on a cause of action arising out of, or is incident to, or connected with, plaintiff's cause of action. Rev. Stats., 1895, art. 755; Egery v. Power, 5 T., 501; Walcott v. Hendrick, 6 T., 406; Hammons v. Belcher, 10 T., 271;

davit stating that the defendant had informed the plaintiff he was about to leave the Republic; and the fiat of the district judge, awarding the writs prayed, on bond being given in half of the sum demanded, with conditon to pay the damages to be sustained. On the 13th February, 1839, the petition was filed, granted; writs issued, and the attachment served on a keel-boat and the summons served on the defendant. The defendant, by way of plea, excepted to the process as illegal, and for that, and because of the insufficient affidavit and bond, prayed that the suit and proceedings should be quashed. On March 4, 1840, on his motion, the attachment was quashed by the court; a jury came, "who being sworn well and truly to try the issue joined by the parties," found for the plaintiff $323.75, "in the Treasury notes of the government of the Republic of Texas;" and there was judgment for that sum in such notes. If answer or plea to the merits was filed it is not exemplified; nor is any of the evidence certified.

Since the mode of civil prosecution according to the common law is not to be regarded, but that by petition and answer used; and since we are required to review proceedings in civil causes with an eye solely to the merits, we are reluctantly obliged to say that the narrative in the petition contains matters which, if true, amount to a civil inquiry of some sort. It was plainly correct to quash the attachment, and if that had been the only process, the suit should have followed that result; but though it was an abuse to pray and obtain in one and the same suit in the ordinary form process against the estate and the person, yet as the defendant was cited personally and appeared and pleaded, the order, on quashing the illegal writ, should have been, that the defendant have leave to answer or plead to the merits. It being stated in the postea that the jury were sworn to try the issue joined, we are left to infer he did answer or plead in bar; but from the negligence or want of skill in the clerk, it has not appeared in the transcript. The defendant can not urge as error the order quashing the attachment; it was on his motion and for his benefit.

But we can not sustain the verdict or judgment. On the facts stated in the petition, the plaintiff might have prayed restitution of the draft, and in that case the jury, on finding him entitled to it, should have so stated in their verdict, and assessed, in standard money, its value with the damages occasioned by the detention of the draft, on which the judgment would have been in the alternative, for the draft, if to be had, with the damages; and if not to be had, then the price assessed with those damages. Had specific restoration been a favorite or earnest object, and the detention either particularly injurious to the owner or

Castro v. Gentiley, 11 T., 28; Sterrett v. City of Houston, 14 T., 153; Brady v. Price, 19 T., 285; Bodman v. Harris, 20 T., 31; Ashworth v. Dark, 20 T., 825; Carothers v. Thorp, 21 T., 358; Duncan v. Magette, 25 T., 245; Coleman v. Bunce, 37 T., 171; Calhoun v. Pace, 37 T., 454; Beckham v. Hunter, 37 T., 551; Hoodhue v. Myers, 58 T., 405; Scalf v. Tompkins, 61 T., 476; Satterthwaite v. Loomis, 81 T., 64; Du Bois v. Rooney, 82 T., 173; Paschal v. Penry, 82 T., 673; Imperial Co. v. Bank, 5 T. C. A., 686; Brown v. Montgomery, 19 T. C. A., 548;

attended with circumstances of aggravation, the jury might have fixed the value so high as to have insured the restitution. In no way were Texas promissory notes demandable on the draft from the defendant. It was no evidence of his promise, or obligation to pay those notes, but they appeared payable on it at the Treasury. The jury, however, might have treated the suit as in the nature of an action of trover and assessed in damages, in lawful money, the value of the draft and the damages produced by its detention, putting both together into one amount. Their verdict being for Treasury notes, without any ratio or criterion of value formed, a valid judgment could not be rendered on it. A pecuniary judgment or decree can be given alone for a sum or sums in the currency of the Constitution. Congress has no power to require a creditor at large, or by adjudication, to receive in satisfaction any money other than specie, if required; and hence it would be worse than idle to adjudge or decree, and issue process to collect any other medium. It is true that tender may be good, if made in an inferior currency, if not objected to by the creditor; but his constitutional right to have the standard money can not be impaired; nor is it perceived that Congress has attempted it. To require the taxes and debts due to the government to be received in the emitted evidences of its own debt, can in no sense be illegal; and whether it be allowable or not to require ministerial and other offices to receive government notes in payment of salaries and fees, can be decided when the question is directly presented. We need not go into the learning upon the subject of the English jurisprudence on the topics presented in this case in regard to specie and an inferior currency; our Constitution has erected a standard of value which, in all matters of contract and pecuniary liability as among the citizens and in view of adjudication, can never be transcended or disregarded.

No other question has been raised in this case, nor does the record seem to present any other. The judgment must be reversed and the cause remanded. Some of the court have hesitated as to remanding; but a majority concur in that, and all of us agree in the reversal for the reasons given.

This cause coming on to be heard on the transcript of the record and the same being inspected, and the arguments of counsel heard, because it seems to the court here that in the proceedings below there is manifest error, it is therefore considered by the court here that the judgment herein by the District Court of Washington County be reversed and annulled; that the appellant recover of the appellee as well his costs in this behalf in this court expended, as the costs in the court below ex-

---

Howard v. Moore, 1 App. C., sec. 225; Bacon v. Lloyd, 1 App. C., sec. 285; McDonnell v. Bitters Co., 1 App. C., sec. 1160; G. C. & S. F. Ry. Co. v. Tacquard, 3 App. C., sec. 250; Scott v. M. N. Ry. Co., 4 App. C., sec. 287; Streeper v. Thompson (T. C. A.), U. R. C., 1893. Insolvency of plaintiff is no ground for setting off unliquidated damages against liquidated. Walcott v. Hendrick, 6 T., 406; Duncan v. Magette, 25 T., 245; Fondren v. Leake, 1 U. C., 151; Bennett v. Carsner, 1 App. C., sec. 619; Knight v. Old, 2 App. C., sec. 78; Smith v. Bates (T. C. A.), U. R. C., 1894; Presnall v. McLeary (T. C. A.), U. R. C., 1899. Liquidated debts or damages may be set off against liquidated. Sheldon v. Martin, 65 T., 409; Jones v. Hunt, 74 T., 657; June v. Brubaker, 5

pended by him prior to the said judgment; and that this cause be remanded to the said district court, with instructions to allow the appellee to amend his petition if he so desire, and the appellant to plead or answer to the merits; and that a new trial be had.

*Reversed and remanded.*